**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

CHRISTIANA ITIOWE,

          Plaintiff,

    v.

MAYOR TEEFY DANIEL, et al.,

          Defendants.

Civil No. 16-7777(RMB/KMW)

**OPINION**

BUMB, United States District Judge:

This matter comes before the Court upon a Motion to Dismiss Plaintiff's Amended Complaint filed by defendants Mayor Daniel Teefy (improperly pled as Teefy Daniel), Municipal Court Judge Nicholas Lacovara; Municipal Prosecutor Charles Fiore; Marcella Carter, Administrative Assistant to the Chief of Police;[1] John

---

[1] While Ms. Carter was named in Plaintiff's initial Complaint, she is excluded from Plaintiff's Amended Complaint, which did not specifically reference or incorporate the initial Complaint. When an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171-72 (3d Cir. 2013) (collecting cases); see also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). Ms. Carter was named, incorrectly, as Chief of Police in the initial Complaint. In the Amended Complaint Ms. Carter was not named, and Chief John McKeown was correctly identified. As such, Ms. Carter is no longer a defendant in this case. Plaintiff confirms as much in her filing of March 20, 2017 [Dkt. No. 21].

McKeown, Monroe Township Police Chief; the Monroe Township

Police Department; and its Internal Affairs Unit (collectively,

the "Defendants"). [Dkt. No. 15]. Defendants seek to dismiss all

counts of <u>pro</u> <u>se</u> plaintiff Christiana Itiowe's (the "Plaintiff")

Amended Complaint in which Plaintiff alleges (1) violations of

the First, Fourth, and Fourteenth Amendments of the United

States Constitution pursuant to 42 U.S.C. § 1983; (2) violation

of 42 U.S.C. §2000b-2;[2] (3) violations of Title 10 of NJSA;[3] (4)

---

Defendants also filed a motion to dismiss the Plaintiff's
initial Complaint [Dkt. No. 7]. Because that Complaint was
superseded and rendered legally ineffective by the filing of the
Amended Complaint, the Defendants' motion to dismiss is rendered
moot.

[2] 42 U.S.C. §2000b-2 is contained in Title III of the Civil
Rights Act of 1964 ("Title III"). "By its plain terms, Title III
of the Civil Rights act authorizes the <u>Attorney General</u> to bring
suit to vindicate equal protection rights[,] . . . Title III
does not create a private right of action." <u>Brown v. Warden
Voorhies</u>, No. 07-cv-13, 2012 U.S. Dist. LEXIS 44511, at *31
(S.D. Ohio Mar. 30, 2012) (emphasis in original); <u>see</u> <u>also</u> <u>e.g.</u>;
<u>Davis v. City of Dearborn</u>, No. 2:09-cv-14892, 2010 U.S. Dist.
LEXIS 133546, at *18 (E.D. Mich. Dec. 17, 2010) (collecting
cases holding that no private right of action exists under Title
III). An individual is not permitted to bring suit under Title
III. <u>Jefferson v. City of Freemont</u>, No. C-12-0926, 2012 WL
1534913, *3 (N.D. Cal. Apr. 30, 2012). Therefore, the Court
dismisses this claim with prejudice.

[3] Plaintiff claims that Defendants violated NJSA 10:1-2 and 10:5-
1. NJSA 10:1-2 provides that "[a]ll persons within the
jurisdiction of [New Jersey] shall be entitled to the full and
equal accommodations, advantages, facilities and privileges of
any places of public accommodation, resort or amusement . . . ."
None of the allegations in Plaintiff's Complaint so much as
suggests that any Defendant denied Plaintiff such "equal
accomodations, advantages, facilities and privileges." This
claim must be dismissed. NJSA 10:5-1 is the first section of the
New Jersey Law Against Discrimination ("NJLAD"). This law
prohibits discrimination based on "race, creed, color, national

and violations of several New Jersey criminal statutes.[4] For the reasons set forth below, the Defendants' Motion to Dismiss shall be granted.[5]

---

origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments." N.J. Stat. Ann. § 10:5-4. Plaintiff does not allege any facts suggesting that any of the Defendants discriminated against her based on any of these protected categories, or at all. Plaintiff's claims under NJLAD are also dismissed.

[4] Plaintiff alleges that the Defendants violated NJSA 2C:33-4, NJSA 2C:16-1, NJSA 2C:5-2, and NJSA 2C:13-3. These are criminal statutes. As this is a civil matter, Plaintiff has no standing to assert criminal actions against any defendant in this Court. Ali v. Jersey City Parking Auth., 2014 WL 1494578, at *4 (D.N.J. Apr. 16, 2014) aff'd, 594 F. Appx. 730 (3d Cir. 2014). Therefore, these claims are dismissed with prejudice.

[5] The Court notes that Plaintiff has also filed three motions. [Dkt. Nos. 6, 14, 17]. The first of these motions [Dkt. No. 6] is a Motion for Default Judgment filed by Plaintiff on December 16, 2016. Federal Rule of Civil Procedure 55(b) governs the entry of a default judgment. Before a default judgment may be entered pursuant to Rule 55(b), a party must have the Clerk of the Court enter a default pursuant to Rule 55(a). De Tore v. Jersey City Public Employees Union, 511 F.Supp. 171, 176 (D.N.J. 1981); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. 519, 521 n. 1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a).") (citation omitted) (unpublished). The Clerk has not entered a default in this case; thus, this Court can not enter a default judgment. Plaintiff's motion for default judgment is therefore denied.

The second and third motions are unintelligible. As far as the Court can discern, Plaintiff reiterates the allegations in the Amended Complaint and seeks injunctive relief against various parties and non-parties to this suit. Beyond being incomprehensible, these motions are moot based on the dismissal of each of Plaintiff's claims.

## I.  Factual Background

Because Plaintiff is proceeding <u>pro se</u>, the Court must liberally construe her Complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see</u> <u>also</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). Even construing Plaintiff's Complaint very liberally, it is extremely difficult to comprehend. The facts below are those that the Court could make out from Plaintiff's Amended Complaint, and are accepted as true for the purposes of this review. Beyond these facts, Plaintiff makes sweeping allegations about her rights being violated without specifying in what way or by whom.

Plaintiff alleges that on March 13, 2016, while in line at the Walmart store located at 1840 Black Horse Pike, Williamstown, New Jersey, a Walmart employee and another Walmart customer behaved inappropriately, in a "racist like" manner towards her, leading to a verbal altercation. (Am. Compl. at 7, ¶ 1). As a result of this altercation, a Walmart employee called the police. (<u>Id.</u> at 7, ¶ 2). Monroe Township Police Officer Roy

Pierson was dispatched to the store and, ultimately, Plaintiff was asked to leave.[6] (Id. at 7, ¶ 2-3).

On her way out of the store, Plaintiff alleges, she realized she had forgotten the bag containing the items she purchased. (Id. at 8, ¶ 1). Plaintiff claims that upon realizing this, she turned back toward the registers, at which time Officer Pierson "made a hand gesture" and "acted like . . . [he] was going to grab" her. (Id.) Because of "psychological damage" and a fear of police, Plaintiff responded to this gesture by asking Officer Pierson — in profane language — not to touch her. (Id. at 8, ¶ 2). At that point, Plaintiff alleges that Officer Pierson "went crazy . . . attacking" her, including body-slamming her to the ground head first, which caused Plaintiff to lose two of her teeth. (Id. at 8, ¶ 3). Officer Pierson then arrested Plaintiff.

After her arrest, Plaintiff alleges that several of the Defendants participated in a vague conspiracy against her. (Id. at 9, ¶ 2). She alleges, without any factual support, that the Monroe Township Police Department filed malicious and frivolous criminal complaints against her (Id.); Municipal Prosecutor Fiore maliciously prosecuted her (Id.); and that Municipal Court

---

[6] The Court notes that although accusations about Officer Pierson pervade Plaintiff's Complaint, he is not named as a defendant in the case and does not appear to have been served.

Judge Lacovara improperly denied motions she filed, refused to dismiss the criminal case against her, and threatened her with contempt of court (Id. at 9, ¶ 3). It is unclear from the Amended Complaint what Mayor Daniel Teefy, Chief John McKeown, or the Internal Affairs Unit of the Monroe Township Police Department are accused of doing.

## II.  Procedural Background

Plaintiff commenced this action on October 24, 2016, alleging violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, along with several New Jersey statutory violations and false imprisonment and false arrest claims against the city of Williamstown, New Jersey; its Mayor Daniel Teefy; Monroe Township Municipal Court Judge Nicholas Lacovara; Municipal Prosecutor Charles Fiore; Marcella Carter, Administrative Assistant to the Chief of Police; the Monroe Township Police Department; and its Internal Affairs Unit. [Dkt. No. 1]. On December 19, 2016, Defendants moved to dismiss Plaintiff's Complaint [Dkt. No. 7]. On December 30, 2016, Plaintiff sought leave to amend her Complaint [Dkt. No. 10], which this Court granted [Dkt. No. 12], and Plaintiff filed an Amended Complaint on February 15, 2017 [Dkt. No. 13]. Plaintiff's Amended Complaint contained only one change, adding Chief John McKeown as a defendant in place of Marcella Carter.

On March 1, 2017, Defendants again moved to dismiss each of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 15]. Plaintiff filed a letter in response to Defendants' Motion on March 13, 2017 [Dkt. No. 19]. Defendant also filed letters with the Court on March 20, 2017 [Dkt. No. 21, 22], April 12, 2017 [Dkt. No. 23], and May 3, 2017 [Dkt. No. 24] reiterating her incomprehensible arguments.

**III. Legal Standards**

    A. Fed. R. Civ. P. 12(b)(6)

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Claims are facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "an unadorned, the-defendant-unlawfully harmed-me accusation" will not survive a motion to dismiss. Id. at 663, 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff" when reviewing a plaintiff's allegations. <u>Bistrian v. Levi</u>, 696 F.3d 352 n. 1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citing <u>Chester County Intermediate Unit v. Pennsylvania Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990)).

B. <u>Fed. R. Civ. P. 8</u>

Fed. R. Civ. P. 8(a) requires that the Complaint contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

While Plaintiff lists a number of statutes under which she seeks redress, the factual averments in the Complaint are for the most part so confusing and unintelligible that this Court is left speculating as to how Defendants allegedly violated those

statutes.[7] It appears that Plaintiff is disappointed with the legal process she received, and she has brought claims against anyone involved in that process. Plaintiff has named a mayor, a police chief, an internal affairs unit, a prosecutor, and a judge as defendants in this case. As far as the Court can discern, however, Plaintiff seeks to bring suit against each of the Defendants for the performance of their duties – except in the case of the mayor and the police chief, who it appears she wishes to hold responsible for the acts of others. To the extent Plaintiff's Complaint can be construed as alleging anything, the Court will analyze it under 42 U.S.C. § 1983.

**IV.  Section 1983 Analysis**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 ("Section 1983") for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every <u>person</u> who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . <u>subjects, or causes to be</u>
> <u>subjected</u>, any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . . .

(emphasis added).

---

[7] The only allegations of wrongdoing made by Plaintiff appear to concern a Walmart employee and a Monroe Township police officer who are not parties to this case.

Thus, to state a claim for relief under § 1983, a plaintiff must, at a minimum, allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Plaintiff has not done this. She broadly alleges that her rights have been violated, but does not specify by whom or in what way. As such, her Complaint will be dismissed. The Court will, however, permit Plaintiff one further opportunity to amend her Complaint.

The Court notes that to the extent Plaintiff seeks to allege violations of Section 1983, she should be mindful that both judges and prosecutors are generally immune from suit for money damages under Section 1983 for acts within the scope of their judicial and prosecutorial roles. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000)("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts"); see also Yarris v. Cnty. of Del., 465 F.3d 129, 135 (3d Cir.2006) ("[T]he Supreme Court has held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role.") (citation omitted). Further, Mayor Teefy may be entitled to immunity if Plaintiff's allegations concern "legislative

activities." See generally Bogan v. Scott-Harris, 523 U.S. 44

(1998); see also Youngblood v. DeWeese, 352 F.3d 836, 839-840

(3d Cir. 2003)(discussing the scope of what constitutes

"legislative activities"). Finally, the Court notes that

vicarious liability is "inapplicable to" Section 1983 suits, and

that to the extent Plaintiff seeks to bring suit against Mayor

Teefy or Chief McKeown, it must be for their own actions, and

not the acts of others. See Iqbal, 556 U.S. at 676, Baraka v.

McGreevey, 481 F.3d 187, 210 (3d Cir. 2007)("A defendant in a

civil rights action must have personal involvement in the

alleged wrongs to be liable, and cannot be held responsible for

a constitutional violation which he or she neither participated

in nor approved."); see also Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir. 1988)("Personal involvement can be shown

through allegations of personal direction or of actual knowledge

and acquiescence.").

　　An accompanying Order will issue on this date.


　　　　　　　　　　　　 s/ Renee Marie Bumb
　　　　　　　　　　　　RENÉE MARIE BUMB
　　　　　　　　　　　　United States District Judge


DATED: September 20, 2017