IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTIANA ITIOWE,<br><br>        Plaintiff,<br><br>  v.<br><br>MAYOR TEEFY DANIEL, et al.<br><br>        Defendants. | Civil No. 16-7777(RMB/KMW)<br><br>**OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon a motion to dismiss Plaintiff Christiana Itiowe's (the "Plaintiff") Second Amended Complaint filed by defendants the City of Williamstown, New Jersey, Monroe Township Mayor Daniel Teefy (improperly pled as Teefy Daniel), Municipal Court Judge Nicholas Lacovara; Municipal Prosecutor Charles Fiore; John McKeown, Monroe Township Police Chief; the Monroe Township Police Department and its Internal Affairs Unit; and Officer Roy Pierson (collectively, the "Defendants"). [Dkt. No. 35]. Defendants seek to dismiss all counts of pro se plaintiff Christiana Itiowe's (the "Plaintiff") Second Amended Complaint in which Plaintiff alleges (1) violations of the First, Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, for

which she seeks redress pursuant to 28 U.S.C. §1983; (2) violation of 42 U.S.C. §2000a-2;[1] (3) violations of N.J. Stat. 10:5-1 and 10:1-2;[2] (4) and violations of several New Jersey

---

[1] 42 U.S.C. § 2000a-2 provides that "No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title . . . ." Section 2000a provides, in part, that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Section 2000a-1 provides that "[a]ll persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof." 42 U.S.C. § 2000a-1. Plaintiff does not plausibly allege that any Defendant discriminated against her on the basis of any protected characteristic under any of these statutory provisions. Accordingly, this claim will be dismissed.

[2] Plaintiff claims that Defendants—without specifying which Defendant—violated NJSA 10:1-2 and 10:5-1. NJSA 10:1-2 provides that "[a]ll persons within the jurisdiction of [New Jersey] shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodation, resort or amusement . . . ." None of the allegations in Plaintiff's Complaint so much as suggests that any Defendant denied Plaintiff such "equal accommodations, advantages, facilities and privileges." This claim will therefore be dismissed. NJSA 10:5-1 is the first section of the New Jersey Law Against Discrimination ("NJLAD"). This law prohibits discrimination based on "race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments." N.J. Stat. Ann. § 10:5-4. Plaintiff does not allege any facts suggesting that any of the Defendants discriminated against her based on any of these protected categories, or at all. Plaintiff's claims under NJLAD are also dismissed.

criminal statutes.[3] For the reasons set forth below, the Defendants' Motion to Dismiss will be GRANTED in part, and DENIED, in part.

**I.  Factual Background**

Because Plaintiff is proceeding pro se, the Court must liberally construe her Complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). As with Plaintiff's Complaint and Amended Complaint, even construing Plaintiff's Second Amended Complaint liberally, it is difficult to comprehend.[4] The facts below are those that the Court could make out from Plaintiff's Second Amended Complaint, and are accepted as true for the purposes of this review.

Plaintiff alleges that on March 13, 2016, while in line at the Walmart store located at 1840 Black Horse Pike, Williamstown, New Jersey, a Walmart employee and another Walmart customer behaved inappropriately, in a "racist like" manner

---

[3] Plaintiff alleges that the Defendants violated NJSA 2C:33-4, NJSA 2C:16-1, NJSA 2C:5-2, and NJSA 2C:13-3. These claims were raised by Plaintiff in her Amended Complaint and the Court dismissed them with prejudice. [See Dkt. No. 28].
[4] Plaintiff's Second Amended Complaint is nearly identical to her previous pleadings. [See Dkt. Nos. 1, 13].

3

towards her, leading to a verbal altercation. (Second Am. Compl. at 11, ¶ 1). As a result of this altercation, a Walmart employee called the police. (Id. at 11, ¶ 2). Monroe Township Police Officer Roy Pierson was dispatched to the store and, ultimately, Plaintiff was asked to leave. (Id. at 11, ¶ 2-3).

On her way out of the store, Plaintiff alleges, she realized she had forgotten the bag containing the items she purchased. (Id. at 11, ¶ 4-5). Plaintiff claims that upon realizing this, she turned back toward the registers, at which time Officer Pierson "made a hand gesture" and "acted like . . . [he] was going to grab" her. (Id.) Because of "psychological damage" and a fear of police, Plaintiff responded to this gesture by asking Officer Pierson — in profane language — not to touch her. (Id. at 12, ¶ 1). At that point, Plaintiff alleges that Officer Pierson "went crazy," and "started attacking" her and "threatening" to arrest her. (Id.) During this altercation, Plaintiff alleges that Officer Pierson picked her up and body-slammed her to the ground head first, which caused Plaintiff to lose two of her teeth. (Id. at 12, ¶ 2-3). Officer Pierson then arrested Plaintiff.

After her arrest, Plaintiff alleges that several of the Defendants participated in a vague conspiracy against her by, among other things, failing to read her her Miranda rights and "chang[ing] the stories [sic]" and making false reports about

4

what happened outside the Walmart. (Id. at 12, ¶ 3). She alleges, without any factual support, that the Monroe Township Police Department filed malicious and frivolous criminal complaints against her, (Id.); Municipal Prosecutor Fiore maliciously prosecuted her, (Id.); and that Municipal Court Judge Lacovara improperly denied motions she filed, refused to dismiss the criminal case against her, and threatened her with contempt of court (Id. at 12, ¶ 3; 13 ¶ 1-3). It is unclear what Mayor Daniel Teefy and Chief John McKeown are alleged to have done.

## II. Procedural Background

Plaintiff commenced this action on October 24, 2016, alleging violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, along with several New Jersey statutory violations and false imprisonment and false arrest claims against the city of Williamstown, New Jersey; its Mayor Daniel Teefy; Monroe Township Municipal Court Judge Nicholas Lacovara; Municipal Prosecutor Charles Fiore; Marcella Carter, Administrative Assistant to the Chief of Police; the Monroe Township Police Department; and its Internal Affairs Unit. [Dkt. No. 1]. On December 19, 2016, Defendants moved to dismiss Plaintiff's Complaint [Dkt. No. 7]. On December 30, 2016, Plaintiff sought leave to amend her Complaint [Dkt. No. 10], which this Court granted [Dkt. No. 12], and Plaintiff filed

5

an Amended Complaint on February 15, 2017 [Dkt. No. 13]. Plaintiff's Amended Complaint contained only one change, adding Chief John McKeown as a defendant in place of Marcella Carter.

On March 1, 2017, Defendants again moved to dismiss each of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 15]. Plaintiff filed a letter in response to Defendants' Motion on March 13, 2017 [Dkt. No. 19]. Defendant also filed letters with the Court on March 20, 2017 [Dkt. No. 21, 22], April 12, 2017 [Dkt. No. 23], and May 3, 2017 [Dkt. No. 24] reiterating her incomprehensible arguments. On September 21, 2017, the Court dismissed Plaintiff's Amended Complaint, without prejudice, and provided Plaintiff thirty days to file another amended complaint. [Dkt. No. 28]. The Court ordered that Plaintiff's amended pleading should consist of no more than three pages and should state in numbered paragraphs "the claim(s) alleged with supporting facts specifically identifying which individual or entity is accused of which acts." [Id.] To the extent Plaintiff needed additional pages to state her claim, the Court required that she provide a one-page statement with an explanation. [Id.]

On October 10, 2017, Plaintiff moved for an extension of time to amend so that she could attempt to retain counsel. [Dkt. No. 29]. The Court granted Plaintiff's motion and extended her deadline for amendment by thirty days. [Dkt. No. 30]. On

6

November 13, 2017, Plaintiff moved to stay the case until she could retain counsel. [Dkt. No. 31]. The Court declined to stay the case, but provided Plaintiff with another thirty-day extension to file her Second Amended Complaint, either pro se or with the assistance of counsel. [Dkt. No. 32]. On December 20, 2017, Plaintiff—still proceeding pro se—filed her Second Amended Complaint.[5] [Dkt. No. 34].

The currently pending motion to dismiss was filed on January 10, 2018. [Dkt. No. 35].

**III. Legal Standards**

    A. Fed. R. Civ. P. 12(b)(6)

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Claims are facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "an unadorned, the-defendant-unlawfully harmed-me accusation" will not survive a motion to

---

[5] Plaintiff's amended pleading did not conform to the requirements set forth in the Court's September 21, 2017 Order. [See Dkt. No. 28].

7

dismiss. Id. at 663, 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff" when reviewing a plaintiff's allegations. Bistrian v. Levi, 696 F.3d 352 n. 1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**IV. Analysis**

Plaintiff lists a number of statutes and constitutional provisions under which she seeks redress. For the most part, though, the factual averments in the Second Amended Complaint are unintelligible and it is not at all clear how the Defendants allegedly violated those statutes and provisions. It appears that Plaintiff is unhappy with her arrest and the legal process

8

she has received in municipal court, and has brought claims against anyone she perceives as being involved in that process. Plaintiff has sued her arresting officer, Roy Pierson. She has also named as defendants the mayor, police department (and its internal affairs unit), and police chief of the township in which she was arrested. Moreover, she has named her prosecutor and the judge who is presiding over her case. With the exception of Officer Pierson, however, Plaintiff provides nothing more than conclusory statements and general allegations of wrongdoing against each of the Defendants.

To the extent Plaintiff's Complaint can be construed as alleging anything, the Court will analyze it under 42 U.S.C. § 1983.[6]

    A. Section 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 ("Section 1983") for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

---

[6] Below, the Court addresses Plaintiff's claims for false arrest, false imprisonment, malicious prosecution, excessive force, and violation of Miranda. Plaintiff also lists the First, Eighth, and Fourteenth Amendments to the Constitution in her Second Amended Complaint, but it is not apparent to the Court how any of these amendments are implicated here.

9

> secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . . .

(emphasis added).

Thus, to state a claim for relief under Section 1983, a plaintiff must, at a minimum, allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

> Plaintiff has not done this. She broadly alleges
>
> Malicious prosecution/police misconduct/false
> arrest/false imprisonment/police brutality/excessive
> force, illegal search and seizure, false charges/
> fraud, corruption, ethnic and racial profiling,
> Miranda right was [sic] violated, discrimination,
> retaliation, intimidation and harassment,

(Sec. Am. Compl. at 6, ¶4), and that her

> 1st amendment right-freedom of speech & right to
> petition the government for a redress of grievances,
> 4th amendment right unreasonable seizure and search,
> 14th amendment right, 8th amendment rights & 5th
> amendment right (right to a fair trial) [were
> violated].

(<u>Id.</u> at 5, ¶2-3). Aside from her allegations about Officer Pierson, however, Plaintiff provides no facts in support of her claims. Specifically, Plaintiff has failed to allege any facts

10

in support of her claims for malicious prosecution[7], false

arrest[8], false imprisonment[9], or a Miranda violation[10], and thus

---

[7] "To prove malicious prosecution under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). Plaintiff's allegations with regard to malicious prosecution are entirely conclusory. She has not indicated for what she was prosecuted, or the status of that prosecution, let alone any facts that plausibly indicate either a lack of probable cause or any malice in the decision to prosecute her.

[8] "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 913 (2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995). All Plaintiff has pleaded with regard to her arrest is that she was in some sort of altercation in Wal-Mart and that Officer Pierson arrested her in the Wal-Mart parking lot. Plaintiff has not pleaded any facts indicative of a lack of probable cause for her arrest. Without this basic information, the Court cannot determine whether Plaintiff has raised a plausible claim for false arrest. This claim, therefore, will be dismissed without prejudice.

[9] A false imprisonment claim based on an arrest made without probable cause is grounded in the Fourth Amendment's protection against unreasonable seizures. James v. City of Wilkes-Barre, 700 F.3d 675, 683 (3d Cir. 2012) (citing Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). The elements of a false imprisonment claim under Section 1983 are: (1) that a person was detained, and (2) that the detention was unlawful. James, 700 F.3d at 682-83 (citing Wallace v. Kato, 549 U.S. 384,

cannot state plausible claims for such violations. Accordingly, with the exception of her claim against Officer Pierson for excessive force, her constitutional claims, pursued via Section 1983, will be dismissed.[11]

---

389 (2007)). A false imprisonment ends when the victim becomes held pursuant to legal process, for example when she is arraigned on charges. Wallace v. Kato, 549 U.S. 384, 389 (2007). As with her false arrest claim, Plaintiff has not alleged facts indicating what each defendant did to detain her unlawfully, and what process she received (or did not receive) but rather alleges, in a conclusory fashion, that the police and prosecutor lied. As such, Plaintiff's claim for false imprisonment will be dismissed.

[10] "Questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against her at trial." Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003). Plaintiff has not alleged who (if anyone) interrogated her, what statements she made, or that any of her own statements were used against her at trial. Accordingly, the Court will dismiss any Fifth Amendment claims for failure to state a claim.

[11] Moreover, even had Plaintiff alleged viable claims for constitutional violations under Section 1983 against Lacovara, such claims would be barred by judicial immunity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000)("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts"). Likewise, any claims for monetary damages against Fiore for prosecuting Plaintiff would be barred by prosecutorial immunity. See Yarris v. Cnty. of Del., 465 F.3d 129, 135 (3d Cir. 2006) ("[T]he Supreme Court has held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role.") (citation omitted); Munchinksi v. Solomon, 615 Fed. Appx. 150, 154 (3d Cir. 2015) (quoting Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir.1992))("the arrest of a criminal defendant and the filing of charges are at the fore of the prosecutorial function, and 'a prosecutor is absolutely immune when making [the decision to initiate a prosecution] even where he acts without a good faith belief that any wrongdoing has occurred.'"). Thus, any claims against Lacovara and Fiore for monetary damages arising out of their judicial and prosecutorial acts—seemingly what Plaintiff is pursuing here—will be dismissed, with prejudice.

### i. *Excessive Force*

Where Officer Pierson is concerned, Plaintiff alleges that, in arresting her, he violently tossed her to the ground, breaking her front teeth. (Second Am. Compl. at 7). The Fourth Amendment permits the use of "reasonable" force. Graham v. Connor, 490 U.S. 386, 396 (1989). "[E]ach case alleging excessive force must be evaluated under the totality of the circumstances." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997). The factors to be considered in determining the reasonableness of the amount of force used by an officer include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Abraham v. Raso, 183 F.3d 279, 289 (3d Cir. 1999)(citing Graham v. Connor, 490 U.S. 386, 396 (1989)). Accepting Plaintiff's allegations as true, the Court finds that she has plead a plausible claim of excessive force against Officer Pierson. Therefore, to the extent Officer Pierson moved for the dismissal of this claim, his motion will be denied.[12]

### ii. *Monell and Supervisory Liability*

Among the Defendants named in this suit are the City of Williamstown, Monroe Township Mayor Daniel Teefy, Monroe

---

[12] The motion to dismiss seeks the dismissal of all claims, but excessive force is not specifically addressed in the motion.

13

Township Police Chief John McKeown, the Monroe Township Police Department, and the Monroe Township Police Department's Internal Affairs unit. At the outset, the Court notes that the Police Department and its Internal Affairs unit are not proper defendants in a Section 1983 action. See Mikhaeil v. Santos, 646 F. App'x 158, 163 (3d Cir. 2016) (per curiam)(citing Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997)("Although local governmental units may constitute "persons" against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part."), cert. denied, 137 S. Ct. 1209 (2017); Simmons v. Roxbury Police Dep't, No. CV 17-2526 (JMV), 2017 WL 5188060, at *4 (D.N.J. Nov. 9, 2017) (citing Surine v. Edgcomb, 479 Fed. Appx. 405, 408 (3d Cir. 2012) (per curiam); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)) ("A specialized police unit is not a "person" that can be sued under § 1983."). The Court will construe Plaintiff's claims against these entities as claims against Monroe Township.

Where McKeown and Teefy are concerned, Plaintiff does not allege that either of these Defendants did anything. It appears that Plaintiff seeks to hold Teefy and McKeown liable for the acts of Officer Pierson and other unnamed officers. Respondeat superior liability, however, is "inapplicable to" Section 1983 suits. See Iqbal, 556 U.S. at 676; Baraka v. McGreevey, 481 F.3d

187, 210 (3d Cir. 2007)("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). Plaintiff has pleaded no knowledge or participation in any alleged wrongdoing on the part of Teefy or McKeown, and her claims against them will be dismissed.

With regard to Williamstown and Monroe Township, The Supreme Court's Section 1983 jurisprudence "require[s] a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)). This requires a plaintiff to show that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Id. (emphasis in original). In this case, Plaintiff has not alleged any policy or custom on the part of Williamstown or Monroe Township, and her claims against them will be dismissed.

**V. Conclusion**

For the reasons set forth above, with the exception of her excessive force claim against Officer Pierson, each of Plaintiff's claims will be dismissed. All claims against Defendants Lacovara and Fiore will be dismissed, with prejudice. Moreover, Plaintiff's claims under 28 U.S.C § 2000b-2, the NJLAD, and any criminal statutes will be dismissed, with prejudice. Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution will be dismissed without prejudice to the extent they are raised against Officer Pierson.[13] All other claims will be dismissed, with prejudice.

An Order consistent with the Opinion will be entered on the docket on this date.

---

[13] In Heck v. Humphrey, the Supreme Court held that before a Plaintiff bringing a Section 1983 action may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," she must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486-87 (1994); see also Bronowicz v. Allegheny Cty., 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'") (alteration in original) (quoting Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009))). The status of Plaintiff's prosecution is not clear to the Court at this juncture. The Court notes, however, that if she has been convicted, Heck would likely operate as a bar to any false arrest or imprisonment claims.

_s/_Renee Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge


DATED: August 8, 2018